UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TEREL TIPTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00240-MTS |
| | ) |
| UNKNOWN PRATHER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Terel Tipton, an inmate at the Southeast Correctional Center ("SECC"), has filed a civil complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs. For the reasons explained herein, the Court will deny the Application without prejudice, and give Plaintiff forty-five (45) days to either pay the $405 filing fee in full or file an Application to Proceed in District Court Without Prepaying Fees or Costs that fully complies with 28 U.S.C. § 1915(a).

\* \* \*

Congress has mandated that the Clerk of this Court—like the clerk of any federal district court—require a filer "instituting any civil action, suit or proceeding . . . to pay a filing fee of $350," along with any "additional fees" prescribed by the Judicial Conference of the United States. 28 U.S.C. § 1914(a), (b).[1] The Judicial Conference has prescribed a $55 administrative fee for instituting a civil action in federal district court. *See* Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule, ¶ 14 (effective Dec. 1, 2023). Accordingly, the total filing fee for this action is $405. Congress has also given district courts the power to "authorize the commencement" of any suit, action, or proceeding without the prepayment of fees if a filer is "unable to pay such fees or give security therefor" and files an affidavit stating the filer's assets, his inability to pay, and the nature of

---

[1] Congress exempted only applications for writs of habeas corpus, for which "the filing fee shall be $5." 28 U.S.C. § 1914(a).

the action. *See* 28 U.S.C. § 1915(a)(1). But, as relevant here, additional requirements apply when the filer seeking to proceed without the prepayment of fees is a "prisoner" as defined in 28 U.S.C. § 1915(h).[2]

The Prison Litigation Reform Act ("PLRA" or "the Act") requires all prisoners to pay filing fees. *Crawford-El v. Britton*, 523 U.S. 574, 596 (1998) (citing Pub. L. No. 104-134, §§ 801–810, 110 Stat. 1321 (1996)). Indeed, as the U.S. Court of Appeals for the Eighth Circuit has said, "[t]he purpose of the Act was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (per curiam). The Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *see also* 28 U.S.C. § 1915(b)(1) (providing that "if a prisoner brings a civil action," then "the prisoner shall be required to pay the full amount of a filing fee").

In addition to filing the affidavit noted above, the PLRA requires a prisoner-litigant to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). With that account statement, the court must calculate "the average monthly deposits to the prisoner's account" and "the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)–(B). The PLRA provides that the court then "shall assess and, when funds exist, collect, as a partial

---

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

payment of any court fees required by law, an initial partial filing fee" of twenty percent of whichever amount is greater, the average monthly deposits or the average monthly balance. *Id.*

Here, Plaintiff failed to include a certified copy of his account statement—or institutional equivalent—with his affidavit as required by section 1915(a)(2). As courts consistently note, Congress wrote section 1915 in mandatory terms. *See, e.g.*, *Samarripa v. Ormond*, 917 F.3d 515, 521 (6th Cir. 2019); *Edwards v. Neb. Dep't of Corr.*, 8:23-cv-0002- JFB, 2023 WL 2186984, at *1 (D. Neb. Feb. 23, 2023); *Aikens v. Osorio*, 3:22-cv-00312- MR, 2022 WL 3590349, at *1 (W.D.N.C. Aug. 22, 2022); *Ortega v. Phaneof*, 1:19-cv-00893-JB, 2020 WL 4529334, at *1 (D.N.M. Apr. 8, 2020). Based on the plain text of § 1915, without Plaintiff's account statement, the Court cannot grant his Application. *See* 28 U.S.C. § 1915(a)(2), (b)(1).

The Court will therefore deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs without prejudice. *See Smith v. Urban*, 928 F. Supp. 532, 532 (E.D. Pa. 1996) (denying application for this reason); *Maisano v. Trans Car Inc.*, 416 F. App'x 605, 605 (9th Cir. 2011) (per curiam) (affirming denial of application for this reason); *cf.* E.D. Mo. L.R. 2.05(C) (providing that the Clerk of Court need not even file a complaint that is submitted for filing in forma pauperis if it is not accompanied by the affidavit § 1915(a) requires). The Court will provide Plaintiff forty-five days to pay the $405 filing fee in its entirety or file an application in full compliance with section 1915(a)'s requirements.

Plaintiff's failure to timely pay the entire $405 filing fee or file a proper application under section 1915 will result in the dismissal of this action without prejudice and without further notice.[3]

---

[3] If Plaintiff files an application in full compliance with § 1915(a) and the Court grants it, the Court will assess an initial partial filing fee and direct Plaintiff to pay it. After Plaintiff pays the initial partial filing fee, the Court will review Plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2) to determine whether it is subject to summary dismissal. Plaintiff is advised that he will be responsible for paying the full amount of the $405 filing fee even if this Court dismisses his Complaint after conducting § 1915(e)(2) review. *See Tyler*, 110 F.3d at 529–30. If Plaintiff pays the $405 filing fee in full, the Court will review his complaint in accordance with 28 U.S.C. § 1915A to determine whether it is subject to summary dismissal.

3

*See In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (noting that, under the PLRA, the failure to submit the prison account statement required by § 1915(a)(2) may result in dismissal of a prisoner's action) (citation omitted); *see also, e.g.*, *Frey v. McCormack*, 150 F. App'x 848, 849 (10th Cir. 2005); *DeVaughn v. Johnson*, 80 F. App'x 684, 685 (D.C. Cir. 2003) (per curiam).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], is **DENIED** without prejudice. No later than **Thursday, February 27, 2025**, Plaintiff must either pay the $405 filing fee in full or file a fully completed Application to Proceed in District Court Without Prepaying Fees or Costs that is accompanied by a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send Plaintiff a copy of the Court's form Application to Proceed in District Court Without Prepaying Fees or Costs.

Dated this 13th day of January 2025.

                                                           MATTHEW T. SCHELP
                                                           UNITED STATES DISTRICT JUDGE