## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| TEREL TIPTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-CV-00240-MTS |
| ) | |
| UNKNOWN PRATHER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of Plaintiff Terel Tipton's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [4], and financial ledger from the Missouri Department of Corrections.  The ledger includes information about Plaintiff's inmate account for more than 12 months and includes the six-month period immediately preceding the filing of the complaint.  According to the ledger, Plaintiff's average monthly deposit for that six-month period was $27.05, and his average monthly balance for that period—calculated based on the date of Plaintiff's payroll deposits on the tenth day of each relevant month—was $13.83.  Applying the terms of 28 U.S.C. § 1915(b)(1), 20 percent of the greater of those figures is $5.41.

The Court will grant Plaintiff's Application and assess an initial partial filing fee of $5.41, and order Plaintiff to pay that sum to the Clerk of Court no later than **Friday, March 21, 2025**.  If Plaintiff fails to timely pay the initial partial filing fee or show that he has no assets and no means by which to pay the initial partial filing fee, the Court will dismiss this action without prejudice and without further notice.  *See Walker v. Galbreth*, 382 F. App'x 522 (8th Cir. 2010) (per curiam) (affirming dismissal under Federal Rule of Civil Procedure 41(b) for failure to pay initial partial filing fee); *In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (citing *Ayo v. Bathey*, 106 F.3d 98, 101 (5th Cir. 1997) and noting that, under the Prison Litigation Reform Act, the failure to pay the

initial partial filing fee required by 28 U.S.C. § 1915(b)(1) may result in dismissal of a prisoner's action); *see also Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259 (8th Cir. 1997) ("A district court has the power to dismiss a litigant's cause of action when the litigant fails to comply with the court's orders.").

After Plaintiff pays the initial partial filing fee, he will be required to make monthly payments to the Court in accordance with 28 U.S.C. § 1915(b)(2) until he has paid the full amount of the filing fee. *See Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (per curiam) (explaining that prisoner-litigants must "pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"); *Wooten v. D.C. Metro. Police Dep't*, 129 F.3d 206, 207 (D.C. Cir. 1997) (explaining that "unlike other plaintiffs," prisoners "always must pay in full").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [4], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $5.41 no later than **Friday, March 21, 2025**. Plaintiff shall make his remittance payable to "Clerk, United States District Court," and include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding. If Plaintiff fails to timely comply with this Order, the Court will dismiss this action without further notice.

Dated this 4th day of February 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE