# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | |
|---|---|
| TEREL TIPTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00240-MTS |
| | ) |
| UNKNOWN PRATHER and | ) |
| JENNIFER MEYERS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Missouri inmate Terel Tipton has filed a civil complaint pursuant to 42 U.S.C. § 1983 against Missouri Department of Corrections ("MDOC") officials Unknown Prather and Jennifer Meyers. The Court will require both Defendants to respond to the complaint.

### Legal Standard on Initial Review

Federal law requires this Court to dismiss a complaint filed without prepayment of fees if it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

## Discussion

Plaintiff sues Prather and Meyers in their individual capacities and identifies them as MDOC corrections officers. Liberally construed, his Complaint asserts that they violated his Eighth Amendment rights in June and July of 2024 at the Northeast Correctional Center. In support, he alleges that he told both Defendants he was suicidal, but they deliberately disregarded the known risk to his safety. Plaintiff alleges he ultimately attempted suicide and suffered injury. Having reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court finds no basis for summary dismissal at this time. The Court will therefore require the Defendants to respond to the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to Defendants Unknown Prather and Jennifer Meyers.

Dated this 31st day of March 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE