**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| TEREL TIPTON, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 1:24-CV-00240-MTS |
| ) | |
| PRATHER, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Rayeann Prather (hereinafter "Defendant"), by and through undersigned counsel, hereby answer Plaintiff Terel Tipton's Complaint (Doc. 1) as follows:

### Parties to this Complaint

1. Defendant admits that Plaintiff is Terel Tipton who is currently incarcerated at Southeast Correctional Center in Charleston, Missouri. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in Section I, Subsection A, and therefore, denies the same (Doc. 1 at 2).

2. Defendants admit that Rayeann Prather is sued in her individual capacity and was an employed officer of the Missouri Department of Corrections during all relevant times. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in Section I, Subsection B (Doc. 1 at 2).

### Statement of Claim

Plaintiff's complaint contains a section titled "Statement of Claim". (Doc. 1 at 3-4). Plaintiff's Complaint does not comply with the "short and plan statement" requirement set forth

in Rule 8 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 8. That said, the following paragraphs are intended to address the observed facts contained in Section II (Doc. 1 at 3-4).

3. Allegations contained in Section II, page 3, Defendant denies that, on June 29, 2024, Plaintiff informed her that he was suicidal. Defendant denies that Plaintiff informed her that he was going to hang himself with a sheet. Defendant is without sufficient knowledge or information to admit or deny the remaining allegation contained in Section II, page 3, and therefore denies the same. (Doc. 1 at 3).

4. Allegations contained in Section II, page 4, Defendant denies that she interrupted Ms. Farace saying that Plaintiff "wanted to play the suicide game and she didn't have time for it." Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in Section II, page 4, and therefore denies the same (Doc. 1 at 4).

### Injuries

5. Defendant denies that they caused Plaintiff any injury whatsoever, including any of the categories of alleged injury set forth in Section III of the Complaint. (Doc.1 at 4).

### Relief

6. Defendant denies Plaintiff is entitled to any relief whatsoever, including any of the relief request in Section IV of the Complaint (Doc. 1 at 5).

### Exhaustion of Administrative Remedies

7. Defendant denies Plaintiff exhausted his administrative remedies per Section V of his Complaint. Defendant is without sufficient knowledge or information to admit or deny

the remaining allegations contained in Section V and therefore denies the same (Doc. 1 at 5-7).

### Previous Lawsuits

8. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Section VI and therefore denies the same (Doc. 1 at 8-10).

### Remaining Allegations

9. Defendant denies each and every allegation in Plaintiff's Complaint not expressly admitted herein.

### Affirmative Defenses

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted and thus, should be dismissed under Fed.R.Civ.P. 12(b)(6).
2. Plaintiff failed to pursue and exhaust administrative remedies to the extent required by the Missouri Department of Corrections and under the PLRA.
3. Defendant is sued in their individual capacity and is thus entitled to qualified immunity.
4. Plaintiff has not plausibly alleged that the officer was deliberately indifferent to a substantial risk of serious harm.
5. Under the Prison Litigation Reform Act, Plaintiff is barred from pursing claims set forth in his Complaint to the extent Plaintiff has not suffered physical injury.
6. Some of Plaintiff's claimed injuries were caused by Plaintiff and/or other individuals who are not parties to this action, thus Plaintiff may not recover against Defendants for such injury.

7. Punitive damages are not available for the actions alleged in Plaintiff's Complaint under federal and state law.

8. Defendant incorporates each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery of this case. Defendant specifically reserves the right to amend their Answer to include additional affirmative defenses at a later time.

May 30, 2025

Respectfully submitted,

**ANDREW BAILEY**
Attorney General

*/s/ Bryce Tobin*
Bryce Tobin, Bar #75858
Assistant Attorney General
615 E. 13th Street, Suite 401
Kansas City, MO 64106
(816) 889-3090
Bryce.Tobin@ago.mo.gov

*Attorney for Defendant Rayeann Prather*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2025, the foregoing was filed electronically via the Court's electronic filing system and mailed a copy by mail, postage prepaid to:

Terel Tipton #1294527

4

SECC
Southeast Correctional Center
300 E. Pedro Simmons Drive
Charleston, MO 63834

*/s/ Bryce Tobin*
Assistant Attorney General