# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| TEREL TIPTON, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 1:24-CV-00240-MTS |
| PRATHER, *et al.*, | ) |
| *Defendants*. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Rayeann Prather and Jennifer Myers (hereinafter "Defendants"), by and through undersigned counsel, hereby answer Plaintiff Terel Tipton's Complaint (Doc. 1) as follows:

### Parties to this Complaint

1. Defendants admit that Plaintiff is Terel Tipton who is currently incarcerated at Southeast Correctional Center in Charleston, Missouri. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Section I, Subsection A, and therefore, denies the same (Doc. 1 at 2).

2. Defendants admit that Rayeann Prather is sued in her individual capacity and was an employed officer of the Missouri Department of Corrections during all relevant times. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Section I, Subsection B (Doc. 1 at 2).

3. Defendants admit that Jennifer Myers is sued in her individual capacity and was an employed officer of the Missouri Department of Corrections during all relevant times.

Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Section I, Subsection B (Doc. 1 at 3).

## Statement of Claim

Plaintiff's complaint contains a section titled "Statement of Claim". (Doc. 1 at 3-4). Plaintiff's Complaint does not comply with the "short and plan statement" requirement set forth in Rule 8 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 8. That said, the following paragraphs are intended to address the observed facts contained in Section II (Doc. 1 at 3-4).

4. Allegations contained in Section II, page 3, Defendants deny that, on June 29, 2024, Plaintiff informed Defendant Myers that he was suicidal and thinking about hanging himself with a sheet. Defendants deny that, on July 1, 2024, Plaintiff informed Defendant Prather that he was suicidal or that he was going to hang himself with a sheet. Defendants are without sufficient knowledge or information to admit or deny the remaining allegation contained in Section II, page 3, and therefore deny the same. (Doc. 1 at 3).

5. Allegations contained in Section II, page 4, Defendants deny that Defendant Prather interrupted Ms. Farace saying that Plaintiff "wanted to play the suicide game and she didn't have time for it." Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Section II, page 4, and therefore deny the same (Doc. 1 at 4).

## Injuries

6. Defendants deny that they caused Plaintiff any injury whatsoever, including any of the categories of alleged injury set forth in Section III of the Complaint. (Doc.1 at 4).

## Relief

7. Defendants deny Plaintiff is entitled to any relief whatsoever, including any of the relief request in Section IV of the Complaint (Doc. 1 at 5).

### Exhaustion of Administrative Remedies

8. Defendants deny Plaintiff exhausted his administrative remedies per Section V of his Complaint. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Section V and therefore deny the same (Doc. 1 at 5-7).

### Previous Lawsuits

9. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Section VI and therefore denies the same (Doc. 1 at 8-10).

### Remaining Allegations

10. Defendants deny each and every allegation in Plaintiff's Complaint not expressly admitted herein.

### Affirmative Defenses

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted and thus, should be dismissed under Fed.R.Civ.P. 12(b)(6).

2. Plaintiff failed to pursue and exhaust administrative remedies to the extent required by the Missouri Department of Corrections and under the PLRA.

3. Defendants are sued in their individual capacity and is thus entitled to qualified immunity.

4. Plaintiff has not plausibly alleged that the Defendants were deliberately indifferent to a substantial risk of serious harm.

5. Under the Prison Litigation Reform Act, Plaintiff is barred from pursing claims set forth in his Complaint to the extent Plaintiff has not suffered physical injury.

6. Some of Plaintiff's claimed injuries were caused by Plaintiff and/or other individuals who are not parties to this action, thus Plaintiff may not recover against Defendants for such injury.

7. Punitive damages are not available for the actions alleged in Plaintiff's Complaint under federal and state law.

8. Defendants incorporate each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery of this case. Defendants specifically reserve the right to amend their Answer to include additional affirmative defenses at a later time.

August 28, 2025

      Respectfully submitted,

      **ANDREW BAILEY**
      Attorney General

      */s/ Bryce Tobin*
      Bryce Tobin, Bar #75858
      Assistant Attorney General
      615 E. 13th Street, Suite 401
      Kansas City, MO 64106
      (816) 889-3090
      Bryce.Tobin@ago.mo.gov

      *Attorney for Defendants Prather and Myers*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2025, the foregoing was filed electronically via the Court's electronic filing system and mailed a copy by mail, postage prepaid to:

Terel Tipton #1294527
SECC
Southeast Correctional Center
300 E. Pedro Simmons Drive
Charleston, MO 63834
*Pro Se*

                                              */s/ Bryce Tobin*
                                              Assistant Attorney General